IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FLETCHER M. BARNES,

                              Plaintiff,                          OPINION AND ORDER

        v.
                                                                  24-cv-25-wmc
LA CROSSE COUNTY GOVERNMENT UNIT,
LA CROSSE COUNTY SHERIFF'S DEPARTMENT,
LA CROSSE COUNTY JAIL CAPTAIN JIM VERSE,
and LA CROSSE COUNTY JAIL,

                              Defendants.

        Plaintiff Fletcher M. Barnes, representing himself, alleges that he had to use cleaning

rags as toilet paper at the La Crosse County Jail during a five-day period in December

2023, because of a shortage of toilet paper at the Jail.   (Dkt. #1.)   Under

28 U.S.C. § 1915(e)(2) and § 1915A, this court must screen and dismiss any claim that

is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or

asks for money damages from a defendant who by law cannot be sued for money damages.

When screening a complaint drafted by a non-lawyer, the court applies a less stringent

standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, Barnes must

still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 557 (2007).  For the reasons explained below, the court must

dismiss Barnes' complaint but will allow him an opportunity to file an amended complaint.

For the same reasons, the court will also deny Barnes' motion for summary judgment and

request for the appointment of counsel, which are also premature.  (Dkt. #11 and

Dkt. #13.)

OPINION

Barnes alleges that there was a toilet paper shortage at the La Crosse County Jail between December 9 and December 13, 2023. As a result, on December 11, 2023, Officer Tonya Siddons allegedly laughed while instructing inmates to use cleaning rags instead. When Barnes did so, he experienced "a rash and bleeding from [his] rectum and the growth of a[n] abnormal nodule." (Dkt. #1 at 5.) However, neither the complaint nor Barnes' attached jail grievance indicate if or when his rash resolved. Rather, the complaint suggests that the growth of Barnes' abnormal nodule continued for several weeks without his requesting treatment "due to humiliation." (*Id*.)

Barnes attempts to assert a claim for conditions of confinement in violation of the Eighth Amendment's prohibition on inflicting cruel and unusual punishment, but there are multiple problems with his current complaint. As a preliminary matter, different standards apply to an incarcerated person's constitutional claims depending on his legal status, and Barnes' legal status in December 2023 is unclear from his complaint, which he filed jointly with another detainee.[1] Assuming Barnes is a convicted prisoner, his allegations would implicate his Eighth Amendment rights, while the Due Process Clause of the Fourteenth Amendment would govern his claim were he a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Although the results are likely to be similar,

---

[1] The allegations of the other detainee, Yousef Gilali, were substantially similar. However, Mr. Gilali was dismissed from this case for his failure to pay the filing fee or move for leave to proceed without prepayment of the filing fee based on indigency. Though Mr. Gilali later filed a lawsuit against the same defendants in connection with the same events, the court also dismissed that complaint without prejudice at screening for failure to name a proper defendant. *Gilali v. La Crosse County*, No. 24-cv-172-wmc, 2024 WL 2049004 (W.D. Wis. May 8, 2024).

courts must apply the objective reasonableness standard under the Fourteenth Amendment, while the standard is that of deliberate indifference under the Eighth Amendment. *Id.*

More fundamentally, under either legal standard, Barnes has not named a proper defendant in his complaint. First, he names La Crosse County, but does not allege that the county adopted a "custom or policy" that caused any constitutional deprivation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (municipalities may be held liable for violations of civil rights if they have adopted a policy or custom that violated the plaintiff's constitutional rights). Far from it, the reasonable inference on the alleged facts is that this was a "one-off" event or, at most, an infrequent, albeit unintentional occurrence arising out of a temporary toilet paper shortage.

Second, he seeks to sue the La Crosse County Jail and Sherriff's Department, but neither entity is subject to suit in this type of civil lawsuit. *See Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (sheriff's department "[could not] be sued under § 1983"); *Morrison v. Brown Cnty. Jail*, No. 21-cv-1436-pp, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022) (a jail is not a "person" subject to suit under § 1983).

Third, Barnes proposes to proceed against La Crosse County Jail Captain Jim Verse, but there are *no* allegations indicating how, if at all, Verse was personally involved in the alleged violation of his rights. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Nor can Verse be held liable solely because he may have had a general supervisory role over others actually involved in the alleged

deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role over others). At most, the current facts suggest that Captain Verse may have handled Barnes' appeal from the denial of his grievance (if there was one), but this, too, is not grounds to proceed against him under § 1983.

Fourth, although *referencing* Jail Officer Tonya Siddons in his complaint as the person who told him to use rags, Barnes does not actually name her as a defendant, and the court cannot presume that he means to sue her instead. Even if he wishes to do so, his current pleading suggests the officer may have been suggesting use of cleaning rags as a joke, rather than something inmates should actually resort to using.

Fifth, and finally, Barnes' complaint alleges that he suffered bleeding and a rash from using cleaning rags over the course of five days, followed by an abnormal rectal growth. Without more details as to the nature and severity of his symptoms and how they affected him, those allegations appear to support only a finding that Barnes was uncomfortable, not an inference that he faced conditions falling below that of basic human dignity or that he was subject to "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Hardeman v. Curran*, 933 F.3d 816, 826-27 (7th Cir. 2019) (Sykes, J., concurring) (conditions that pose a substantial risk of serious harm are objectively serious); *Holden v. Knight*, No. 3:15-cv-432 JD, 2016 WL 696088, at *3 (N.D. Ind. Feb. 22, 2016) ("it does not appear as though Holden's skin rash, which is allegedly itchy and has 'hot spots,' can be considered an objectively serious medical condition. Typically, without more, skin rashes are not."). Indeed, "[c]ourts have consistently held

that skin conditions without other symptoms do not qualify as serious medical needs." *Owen v. Abia*, No. 17-21241-CIV-GAYLES, 2017 WL 2822074, at *5 (S.D. Fla. 2017) (collecting cases).

Barnes' complaint also appears to allege violations of "Wis. Admin. Code. Ch. § 3" and Wis. Stat. § 302.37, which describes a county sheriff's duties to maintain a jail.  (Dkt. #1, at 4.)  However, the court cannot exercise jurisdiction over Barnes' case in the absence of a viable federal claim or allegations that Barnes was a citizen of a state other than Wisconsin who experienced over $75,000 in damages as a result of the defendants' actions.[2]  Nor does Wis. Stat. § 302.37 appear to provide Barnes with a private cause of action for violation of the statute.  To the extent that he seeks to invoke Chapter 3 of the administrative code, which pertains to the Wisconsin Department of Corrections, these provisions would not be binding on the La Crosse County Jail, which is administered by the La Crosse County Sheriff's Office.  Plus, the violation of an administrative rule does not by itself give rise to a constitutional violation.

Although Barnes has not currently named a proper defendant and his allegations of harm are insufficient, he may still be able to state a constitutional claim if he were to provide additional facts.  Accordingly, the court will allow him an opportunity to file an amended complaint.  He should again use the court's complaint form, which the clerk's office will send him, along with a copy of this order.

In drafting his amended complaint using that form, which will act as a *complete*

---

[2] Rather, at this point, Barnes only appears to allege $50,000 in damages and "all legal expenses." (Dkt. #1, at 5.)

substitute for his initial complaint, Barnes should name everyone he wants to sue in the caption, explain how each defendant was *personally* involved in violating his right to toilet paper (or an acceptable alternative), and what specific, serious harm was caused by that defendant's action or inaction, both short- and long-term.  Barnes should also clarify whether he was a convicted prisoner, a pretrial detainee, or on a supervision hold while he was at the La Crosse County Jail in December 2023.  **If Barnes does not respond by the deadline indicated below, the court will dismiss this lawsuit with prejudice.**

Regardless, the court must dismiss Barnes' motion for summary judgment at this time (dkt. #11), albeit without prejudice, because it was filed prematurely, before he was granted leave to proceed on his claims or any discovery has been taken.  Until the court permits him to proceed on claims against a valid defendant, and that defendant is served with a valid complaint, nothing else can proceed, including Barnes' request for appointment of an attorney to represent him.  (Dkt. #13.)  Litigants in civil cases do not have a constitutional right to counsel, and the court lacks the authority to appoint counsel to represent a self-represented plaintiff in a civil matter.  Instead, the court can only assist in recruiting counsel who may be willing to serve voluntarily.  *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).  To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has a potentially valid claim and made reasonable efforts to locate an attorney on his own. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992).  To meet this threshold requirement, this court generally requires plaintiffs to submit letters from *at least three* attorneys refusing to take the case.

ORDER

IT IS ORDERED that:

1) Plaintiff Fletcher M. Barnes' complaint (dkt. #1) is DISMISSED.  He may have until **November 15, 2024,** to file an amended complaint that corrects the major problems described in this order -- naming a proper defendant and alleging sufficient facts as to how any named defendant personally caused him to suffer a serious harm.  If plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

2) Plaintiff must file his amended complaint on the court's complaint form, which will be sent to him with a copy of this order.  Plaintiff must fill out the form *completely*.

3) It is plaintiff's obligation to inform the court of any new address.  If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute.

4) Plaintiff's motion for summary judgment (dkt. #11) and his request for the appointment of counsel (dkt. #13) are DENIED without prejudice.

Entered this 25th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge