IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FLETCHER M. BARNES,

                        Plaintiff,                                    OPINION AND ORDER

        v.
                                                                      24-cv-25-wmc

LA CROSSE COUNTY SHERIFF,
LA CROSSE COUNTY JAIL OFFICERS
JOHN AND JANE DOE 1-4, and
OFFICER TONYA SIDDONS,

                        Defendants.[1]

        Plaintiff Fletcher M. Barnes, who is representing himself, is currently incarcerated by

the Wisconsin Department of Corrections ("DOC") at the Green Bay Correctional Institution.

Barnes, who was previously confined at the La Crosse County Jail, was granted leave to proceed

on Fourteenth Amendment claims against several John and Jane Doe Officer defendants and

Officer Tonya Siddons, concerning the conditions of his confinement.  Before the court is

defendants' motion for summary judgment on exhaustion grounds, arguing that Barnes did not

timely file a grievance regarding the allegations in his complaint and never exhausted the appeal

process for this grievance.  (Dkt. #37.)  Plaintiff was advised of his responsibility to file a

response in opposition to such a motion (dkt. #30, at 6), but he has not filed one and his time

to do so has expired.  For the reasons set forth below, defendants' motion for summary

judgment will be granted and this case will be dismissed.

---

[1] The La Crosse County Sheriff was retained as a nominal defendant solely for the purpose of identifying the John and Jane Doe Officers (dkt. #19), but is not alleged to have had any personal involvement in plaintiff's claims.

UNDISPUTED FACTS

Plaintiff Fletcher M. Barnes alleges that between December 8 and December 12, 2023, Officers John and Jane Doe 1-4 denied him toilet paper at the La Crosse County Jail. Barnes further alleges that, due to a shortage of toilet paper during this time, Officer Siddons told inmates on December 11, 2023, to use red cleaning rags, which reportedly caused him to suffer a rash, an infection, and an abnormal growth.

On review of Barnes's grievance history, defendants identified only one relevant to his claims, Grievance #24-115, which was submitted on April 22, 2024. In this grievance, Barnes complained that "during the December toilet tissue crisis" Siddons told him to use cleaning rags. (Dkt. #39-2.) Barnes, who made no mention of any rash, infection, or other medical issue caused by the use of cleaning rags during the toilet-paper shortage, sought "clarity" concerning the department's position in light of a response that was received previously by another inmate who filed a similar grievance back in December 2023. (*Id*.; Dkt. #39-3.) A sergeant responded the following day that the issue had been addressed previously in December 2023. (Dkt. #39-2.) Barnes did not file an appeal or complain further by filing any other grievance regarding his claims.

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires: (1) following instructions for filing an initial grievance, *Cannon v. Washington*,

2

418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought ... [to give] prison officials a fair opportunity to address his complaint."  *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted).  Thus, exhaustion is required "even if ... the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

Even so, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove.  *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).  In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendants have met that burden here.

Defendants note that to exhaust administrative remedies at the La Crosse County Jail, an inmate must follow the Jail's inmate grievance procedures, which require:  (1) an initial grievance to be filed within seven days of the issue giving rise to the complaint; *and* (2) an appeal to the Jail Captain within seven days of receiving the findings in response to the initial grievance.  (La Crosse County Sheriff's Office - Jail Policies and Procedures § 609.3 (dkt. #39-1) at 1-2.)  Defendants have presented evidence establishing that plaintiff filed only one

potentially relevant grievance, but submitted it four months *after* the issue arose and failed to comply with the seven-day deadline.  Even if it was timely filed, the initial grievance that plaintiff filed makes no mention of the rash, infection, or abnormal growth that he claims was caused by the use of cleaning rags between December 8 and December 12, 2023, and is factually insufficient to give notice of his claims.  The evidence further shows that plaintiff did not complete the second step of the grievance process by filing an appeal to the Jail Captain as required by the Jail's procedures.

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809; *see also Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").  "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).  This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999).

Plaintiff has not filed a response to defendants' motion or disputed any of the evidence.[2] Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087-88 (7th Cir. 2018) (citing *Celotex*, 477 U.S. at 322).  Because plaintiff does not dispute that he failed

---

[2] Plaintiff has filed a request for an extension of time to file an amended complaint identifying the Doe defendants.  (Dkt. #41.)  However, he does not address the issue of exhaustion or show that identifying the Doe defendants would create a genuine dispute of material fact.  Accordingly, plaintiff's motion for extension of time will be denied as moot.

to comply with the available administrative grievance procedures in place at the Jail, the court must dismiss his claims.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment on exhaustion grounds (dkt. #37) is GRANTED and this case is DISMISSED without prejudice for lack of exhaustion.

2) Plaintiff's motion for an extension of time to amend his complaint to identify the Doe defendants (dkt. #41) is DENIED as moot.

3) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 23rd day of June 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge